## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICTORIA FAIRCHILD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-296-TCK-FHM |
| | ) | |
| (1) PEAK MEDICAL CORP., | ) | |
| (2) MEDICAL OKLAHOMA NO. 3, INC., | ) | |
| d/b/a FOREST HILLS HEALTH CARE | ) | |
| CENTER and FOREST HILLS HEALTH | ) | |
| CARE REHABILITATION CENTER, | ) | |
| (3) SUNBRIDGE HEALTHCARE CORP., and | ) | |
| (4) SUN HEALTHCARE GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Before the Court is Defendants' Motion in Limine to Preclude Plaintiff from Offering any

Testimony or Opinions of her Purported "Expert" Witness ("Motion to Exclude") (Doc. 47), wherein

Defendants move to exclude the testimony of Jennifer Zahn ("Zahn") or any other expert witnesses

that are untimely disclosed.  Also before the Court is Plaintiff's Motion to Amend Scheduling Order

and Continue Trial Date ("Motion to Extend") (Doc. 68), wherein Plaintiff requests that the Court

(1) extend the deadlines for expert witness disclosures, (2) extend the discovery cut-off deadline,

(3) extend the dispositive motion deadline, and (4) move the trial date from May 2010 to August

2010.

On May 19, 2009, Plaintiff filed a single-count Complaint alleging that she received

negligent care during her stay at Forest Hills Health Care Center.  On August 7, 2009, the Court

entered a Scheduling Order ("Scheduling Order") setting the following relevant deadlines:  (1)

December 1, 2009 - Plaintiff's Expert Identification and Reports; (2) December 15, 2009 -

Defendants' Expert Identification and Reports; (3) December 31, 2009 - Discovery Deadline; (4) January 14, 2010 - Dispositive Motions and Daubert Motions; and (5) May 17, 2010 - Trial.

On December 8, 2009, one week after Plaintiff's deadline for expert identification and reports, Plaintiff provided Defendants with Zahn's curriculum vitae ("CV") and stated that she "will be providing a report shortly." (12/8/09 Letter, Ex. 1 to Mot. to Exclude.) On January 5, 2010, Defendants filed the Motion to Exclude Zahn on grounds that Plaintiff failed to provide an expert report and other information required by Federal Rule of Civil Procedure 26(a)(2) ("Rule 26"). On January 11, 2010, Plaintiff filed a response to the Motion to Exclude. Plaintiff shifted blame to Zahn, arguing that Zahn had "failed to complete her report or to provide any reason for her delay in completing the report." (Resp. to Mot. to Exclude 2.) Plaintiff argued that exclusion was not warranted due to lack of surprise or prejudice and requested an extension of the expert disclosure and discovery deadlines.

On January 14, 2010, in compliance with the Scheduling Order, Defendant Peak Medical Oklahoma No. 3 filed a motion for summary judgment, arguing in part that "Plaintiff has no expert testimony to support her allegations" of negligence.[1] On January 29, 2010, Plaintiff responded to the motion and attached Zahn's expert report.[2] Zahn's expert report is a two-page letter opining that "Forest Hills Health Center did not meet not provide [sic] the minimum medical standard of care for [Plaintiff]." (Zahn Report, Resp. to Mot. for Summ. J., Ex. 1.) This was the first disclosure of such report to Defendants. On February 2, 2010, Plaintiff filed the Motion to Extend.

---

[1] All remaining Defendants joined the motion.

[2] Zahn's report is dated January 10, 2010, despite Plaintiff's contention on January 11, 2010 that the report was not yet completed.

## II.      Motion to Extend

Plaintiff moves the Court for an extension of the Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b).[3]  The Scheduling Order may be modified "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  To meet the good cause standard, the movant must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."); *see also* Fed. R. Civ. P. 16(b) adv. comm. n. (1983 amendment) (stating that "the Court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end."  *Id.*

---

[3] Plaintiff's Motion to Extend is made pursuant to Rule 16, and the Court therefore applied Rule 16's "good cause" standard.  Other courts have applied Federal Rule of Civil Procedure 6(b)'s "excusable neglect" standard in considering a plaintiff's motion to extend time for expert disclosures.  *See Sowell v. United Container Machinery, Inc.*, No. 02-2004, 2002 WL 31466439, at * 3 (D. Kan. Nov. 1, 2002) (unpublished) (applying Rule 6(b) standard where plaintiff failed to cite basis for motion to extend time for expert disclosures).  For the same reasons explained below with respect to "good cause," the Court finds that Plaintiff has also failed to show "excusable neglect" as required for extensions of time governed by Rule 6(b).  *See id.* (finding that plaintiff failed to show "excusable neglect" where plaintiff "proffer[ed] no explanation why he waited until four weeks after the deadline before seeking an extension for his expert designation").

In this case, Plaintiff has not shown that she has been diligent in attempting to meet the Court's deadlines. Specifically, Plaintiff has not provided an adequate explanation for her: (1) late identification of Zahn, or (2) late disclosure of Zahn's report. The only explanation provided is that Zahn did not complete her report in time. However, Plaintiff is responsible for ensuring that her expert complies with court deadlines or, at a minimum, moving the Court for relief in a timely manner. *See Potter v. Health Care Auth.*, No. 03-1326, 2006 WL 580986, at * 5 (D. Kan. March 8, 2006) (unpublished) ("It is a party's responsibility to keep their expert apprised of the pending expert deadline. If and when it became apparent to Plaintiff's counsel that [the expert] would not be able to meet the Court-mandated deadline, Plaintiff's counsel had a duty to move the Court for additional time."). Here, Plaintiff knew as early as December 8, 2009 that Zahn's report was not complete and yet did not request any type of relief until she filed her response to the Motion to Exclude on January 11, 2009. This request was buried in a response brief and not styled as a motion. Plaintiff finally filed the Motion to Extend on February 2, 2010, over two months after the expired deadline. This Court routinely grants motions for extensions when they are made in a timely manner, *i.e.*, in advance of the relevant deadline. However, in this case, Plaintiff exhibited carelessness with respect to the Court's deadlines and has failed to show good cause for any extensions of the Court's Scheduling Order.[4]

---

[4] Plaintiff argues that the Court's Scheduling Order was "unworkable" due to the timing of expert disclosures and the discovery deadline. This Court considers and often grants motions to amend a scheduling order in the event one or both parties deem the Court's original schedule "unworkable." In this case, Plaintiff failed to move for any relief until all relevant deadlines had expired.

### III.    Motion to Exclude

Federal Rule of Civil Procedure 26(a)(2) provides:

(A) In General.  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Written Report.  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(A), (B).  Rule 26(a) disclosures are "necessary to allow the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 9553 (10th Cir. 2002).

Plaintiff did not satisfy any of its Rule 26 obligations by the December 1, 2009 deadline in the Scheduling Order.  At the time Defendants filed the Motion to Exclude on January 5, 2010, Plaintiff had identified Zahn and provided a CV but had not provided Zahn's expert report or satisfied any other Rule 26(a)(2)(B) requirements.  At the time Plaintiff responded to the Motion to Exclude, Plaintiff still had not satisfied the requirements of Rule 26(a)(2)(B).  Finally, on January 29, 2010, Plaintiff attached Zahn's expert report to its response to Defendants' motion for summary judgment.  To date, Plaintiff has still not provided a statement of Zahn's compensation, as required by Rule 26(a)(2)(B)(vi).  Accordingly, Plaintiff failed to disclose the identity of Zahn, provide

Zahn's report, or otherwise comply with Rule 26(a)(2) by the Court's deadline of December 1, 2009.

For the reasons explained above in Part II, the Court will not extend such deadline.

As a sanction for Plaintiff's failure to comply with Rule 26(a)(2), Defendants request that

the Court exclude Zahn.  Federal Rule of Civil Procedure 37(c)(1) provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or
> identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that
> information or witness to supply evidence on a motion, at a hearing, or at a trial,
> *unless the failure was substantially justified or is harmless.*

(emphasis added).  Thus, "Rule 37(c) permits a district court to refuse to strike expert reports and

allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified

or harmless."  *Jacobsen*, 287 F.3d at 952-53.  In determining the existence of a substantial

justification or the harmlessness of a Rule 26(a) violation, a court must consider the following

factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the

ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would

disrupt the trial; and (4) the moving party's bad faith or willfulness."  *Id.* (internal quotations

omitted).  "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted

to the broad discretion of the district court."  *Id.* (internal quotations omitted).

The Court concludes that exclusion of Zahn is warranted because Plaintiff has failed to show

a "substantial justification" for her violation and because the violation is not harmless.  As explained

above, the only justification offered for the violation is that Zahn failed to complete her report by

the Court's deadline.  According to Plaintiff, Zahn provided Plaintiff with no explanation or

justification for this failure.  This is not a "substantial justification" for the Rule 26 violation that

occurred in this case. Second, the violation has caused harm to Defendants. Specifically, Defendants

faced a discovery deadline, a dispositive motion deadline, and a *Daubert* motion deadline but did

not have Zahn's expert report.  Accordingly, Defendants promptly moved to exclude Zahn as a witness and moved for summary judgment (in compliance with the Scheduling Order) based in part on Plaintiff's inability to prove breach of the standard of care.  Plaintiff's disclosure of the expert report for the first time in a summary judgment response, after the discovery deadline had passed, resulted in harm because Defendants were forced to meet the Court's other deadlines without the benefit of Zahn's report.  *See Sowell*, 2002 WL 31466439, at * 2 (granting motion to strike expert report pursuant to Rule 37(c)(1) where expert report was filed over thirty days out of time and it failed to set forth other information required by Rule 26) ("This failure, along with the untimeliness of the report, renders the expert report patently defective and, as a result, prejudices the Defendant by placing it at a disadvantage in preparing its case.").

With respect to the four factors outlined by the Tenth Circuit, the first and third factor weigh in favor of exclusion.  As explained above, Defendants have moved to exclude Zahn and moved for summary judgment on the facts as presented at the close of discovery.  Allowing Zahn to testify at trial and/or considering her expert report at the summary judgment stage is prejudicial because Defendants no longer have the opportunity to depose Zahn or refute her expert report in any meaningful manner.  Although this prejudice could be cured by extending deadlines, Plaintiff has not satisfied her burden for extending deadlines.  Therefore, denying Defendants' Motion to Exclude would result in severe prejudice to Defendants.  In addition, were the Court to extend the deadlines to cure prejudice, the trial schedule would be disrupted.  Extending the time for expert disclosures would, in turn, require the Court to reopen discovery, reset the dispositive motion and *Daubert* deadlines, and reset the trial date.  Indeed, in the Motion to Amend, Plaintiff moved the Court to

continue the trial ninety days in order to allow Defendants time to depose Zahn and refile dispositive motions.  The Court finds these factors outweigh the other two factors in this particular case.[5]

## IV.     Conclusion

Had Plaintiff timely moved the Court for an extension of the Scheduling Order deadlines because Zahn needed more time to complete her report, the Court likely would have granted such extension.  Plaintiff did not do so.  When Plaintiff finally did move the Court for relief, she offered no good cause for her failure to comply.  Defendants, in contrast, promptly moved to exclude Zahn when they failed to receive her report and filed a dispositive motion in accordance with the Court's schedule.  In these circumstances, the Court exercises its discretion to deny the Motion to Extend and grant the Motion to Exclude.

Defendants' Motion in Limine to Preclude Plaintiff from Offering any Testimony or Opinions of her Purported "Expert" Witness (Doc. 47) is GRANTED.  Plaintiff's Motion to Amend Scheduling Order and Continue Trial Date (Doc. 68) is DENIED.  Exhibit 1 to Plaintiff's response to Defendant's motion for summary judgment is STRICKEN.[6]

**SO ORDERED this 5th day of March, 2010.**

TERENCE C KERN
United States District Judge

_____

[5] The second factor does not weigh in favor of exclusion because the Court could "cure" any prejudice and prevent any "surprise" by granting Plaintiff's requested extensions. Plaintiff is correct that trial is not imminent, and there is ample time to correct problems caused by her Rule 26 deficiencies. However, the Court has concluded, based on the unique circumstances presented, that Plaintiff is not entitled to any extensions of the relevant deadlines. The fourth factor does not weigh in favor of exclusion because there are no allegations of bad faith.

[6] Plaintiff has also attached a one-page letter from Dr. Bradford Boone ("Boone") as Exhibit 2 to her response to Defendants' motion for summary judgment. It appears that Defendants deem this letter to be an untimely expert report. (*See* Resp. to Mot. to Amend 3-4.) Issues related to Boone are not squarely addressed in the Motion to Amend or the Motion to Exclude and are not addressed in this Opinion and Order.